UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:19 cr 170 T24 Tgw

18 U.S.C. § 1343
18 U.S.C. § 1017

ERIKA PAOLA INTRIAGO,
A/K/A "ERIKA PAOLA TEPAN,"
A/K/A "ERIKA PAOLA VARAS,"
A/K/A "ERIKA PAOLA CARABALLO"

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH FOUR
### (Wire Fraud)

### A.  Introduction

At times material to this Indictment:

1.    ERICA PAOLA INTRIAGO, a/k/a "Erika Paola Tepan," "Erika Paola Vargas," and "Erika Paola Caraballo" (hereinafter "INTRIAGO") was a resident of the Middle District of Florida who owned and operated EPI Services, Inc. INTRIAGO represented herself as a licensed and qualified immigration attorney when in truth and in fact, she was not licensed to practice law in the State of Florida or elsewhere.

2.    EPI Services, Inc. was a corporation owned, operated, and controlled by INTRIAGO that purported to assist individuals and their families with

immigration-related legal work, including filing of official U.S. government forms and paperwork to obtain legal immigration status in the United States. In truth and in fact, INTRIAGO used EPI Services, Inc. to falsely represent to her client-victims that she was licensed and qualified to represent them in immigration matters before the United States Citizenship and Immigration Services ("USCIS").

3.      USCIS, formerly the United States Bureau of Citizenship and Immigration Services, was an agency of the United States Department of Homeland Security ("DHS"), responsible for receiving and adjudicating immigrant and non-immigrant applications and forms. Both USCIS and DHS are departments or agencies of the United States government.

## B.  The Scheme

4.      Beginning on an unknown date, but as early as in or around December 2014, and continuing through and including the date of this indictment, in the Middle District of Florida and elsewhere, the defendant,

ERIKA PAOLA INTRIAGO,<br>
A/K/A "ERIKA PAOLA TEPAN,"<br>
A/K/A "ERIKA PAOLA VARAS,"<br>
A/K/A "ERIKA PAOLA CARABALLO,"

did knowingly and willfully devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

2

## C.   **The Manner and Means of the Scheme**

5.     It was part of the scheme and artifice to defraud that the defendant would and did knowingly portray herself as an immigration attorney, expert, and personal representative, offering immigration-related services to aliens in the United States, family members and friends of aliens who were in the United States, and domestic family members and friends of aliens who were abroad, all of whom were in need of assistance for immigration-related matters before USCIS and other agencies. The defendant advertised her immigration services and expertise in a number of ways, including on social media platforms such as Facebook.

6.     It was further a part of the scheme and artifice to defraud that the defendant would and did portray her company, EPI Services, Inc., as a legitimate business offering immigration-related services to her client-victims.

7.     It was further a part of the scheme and artifice to defraud that the defendant would and did target immigrants from Spanish-speaking countries and their families, which client-victims paid the defendant to perform immigration services on their behalf, and represent them in immigration-related matters before USCIS and other agencies.

8.     It was further a part of the scheme and artifice to defraud that the defendant would and did falsely promise her client-victims that she would act as their representative to file immigration paperwork on their behalf with USCIS and help

them achieve legal status in the United States.

9.     It was further a part of the scheme and artifice to defraud that the defendant would and did charge her client-victims fees for her purported services. In doing so, the defendant directed her client-victims to pay her in cash, by personal check, and with money orders.

10.   It was further a part of the scheme and artifice to defraud that the defendant would and did deposit and cause to be deposited client-victims' funds into accounts under her control. Some of these funds were intended to pay purported filing fees with United States government agencies that the defendant never actually paid.

11.    It was further a part of the scheme and artifice to defraud that the defendant would and did knowingly create, distribute, and cause to be distributed via interstate-wire transmissions fraudulent letters, emails, receipts, documents, and communications to her client-victims. In doing so, the defendant fraudulently represented that these records were accurate and legitimate communications sent from agencies of the United States, including the DHS and USCIS.

12.    It was further a part of the scheme and artifice to defraud that the defendant would and did fraudulently create, copy, and affix seals of government agencies of the United States, including DHS and USCIS, to email messages, letters, and other documents created for and sent to her client-victims as purported proof

4

that she was and had been acting on their behalf in immigration proceedings.

13.     It was further a part of the scheme and artifice to defraud that the defendant would and did make materially false and fraudulent representations to her client-victims about errors and delays at USCIS in order to justify and conceal a lack of action and progress in her client-victims' immigration matters. In truth and in fact, the defendant had never filed the necessary immigration paperwork on her client-victims' behalf, had abandoned the immigration process on their behalf, or the applications had already been denied without the defendant advising her client-victims.

14.     It was further a part of the scheme and artifice to defraud that the defendant would and did threaten and intimidate client-victims who complained about her conduct by telling the client-victims that she would report their immigration status to U.S. immigration authorities, which the defendant claimed would result in the client-victims being deported.

15.     It was further a part of the scheme and artifice to defraud that the defendant would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of, and the acts done in furtherance of, said scheme.

## D.   The Execution of the Scheme

16.     On or about the dates listed below, in the Middle District of Florida and

elsewhere, the defendant,

ERIKA PAOLA INTRIAGO,
A/K/A "ERIKA PAOLA TEPAN,"
A/K/A "ERIKA PAOLA VARAS,"
A/K/A "ERIKA PAOLA CARABALLO,"

for the purpose of executing the aforesaid scheme and artifice to defraud and

attempting to do so, transmitted by wire in interstate commerce the following:

| COUNT | DATE | VICTIMS | INTERSTATE WIRE |
|-------|------|---------|-----------------|
| ONE | 12/15/2014 | A.L.C. and R.A.R. | Email from erikapintriago@hotmail.com in Tampa, Florida, to rubys_228@hotmail.com in Illinois, with subject "USCIS [L.C.]" attaching purported letter from USCIS |
| TWO | 3/29/2017 | H.M.F. and M.M.V. | Email from episervicesinc@gmail.com in Tampa, Florida to erikapintriago@hotmail.com in Tampa, Florida, with no subject line, attaching photograph of fabricated DHS letter |
| THREE | 7/8/2017 | J.E.P. and N.J.E. | Email from erikapintriago@hotmail.com in Tampa, Florida, to erikapintriago@hotmail.com in Tampa, Florida, with subject "USCIS Acceptance Confirmation [J.E.P.]" referencing a USCIS receipt number |
| FOUR | 8/15/2017 | E.M.B. and Y.G.C. | Email from episervicesinc@gmail.com in Florida to [Y.G.]2859@gmail.com in Tampa, Florida, with subject "USCIS Acceptance Confirmation [E.M.B.]" referencing a USCIS receipt number |

In violation of 18 U.S.C. §§ 1343 and 2.

6

## COUNTS FIVE THROUGH SEVEN
### (Government Seals Wrongfully Used)

1.      Paragraphs 1 through 3 and 5 through 15 of Counts One through Four

of this Indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about the dates listed below, in the Middle District of Florida,

and elsewhere, the defendant,

ERIKA PAOLA INTRIAGO,<br>
A/K/A "ERIKA PAOLA TEPAN,"<br>
A/K/A "ERIKA PAOLA VARAS,"<br>
A/K/A "ERIKA PAOLA CARABALLO,"

did fraudulently and wrongly affix and impress the seal of a department and agency

of the United States, to and upon a certificate, instrument, commission, document,

and paper, and with knowledge of its fraudulent character, with wrongful and

fraudulent intent, used, bought, procured, sold and transferred to another any such

certificate, instrument, commission, document, and paper, to which and upon said

seal had been so fraudulently affixed, that is:

| COUNT | DATE | RECORD |
|-------|------|--------|
| FIVE | 12/15/2014 | Email from erikapintriago@hotmail.com in Tampa, Florida, to rubys_228@hotmail.com in Illinois, with subject "USCIS [L.C.]" attaching purported letter from USCIS bearing a DHS seal |
| SIX | 12/7/ 2015 | Email from erikapintriago@hotmail.com to fabeh[...]@hotmail.com, with subject "Affidavit of Support I-864" attaching a purported letter from DHS bearing a DHS seal |

| SEVEN | 3/29/2017 | Email from episervicesinc@gmail.com in Tampa, Florida to erikapintriago@hotmail.com in Tampa, Florida, with no subject line, attaching photograph of fabricated DHS letter bearing a DHS seal. |
|-------|-----------|---|

In violation of 18 U.S.C. §§ 1017 and 2.

## FORFEITURES

1.  The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.  The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $51,033, which represents the amount of proceeds obtained from the offenses.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

8

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be

          divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Francis D. Murray
Assistant United States Attorney

By: _____
Amanda L. Riedel
Assistant United States Attorney
Acting Chief, Special Victims Section

FORM OBD-34
April 19

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ERIKA PAOLA INTRIAGO,
a/k/a "ERIKA PAOLA TEPAN,"
a/k/a "ERIKA PAOLA VARAS,"
a/k/a "ERIKA PAOLA CARABALLO"

## INDICTMENT

Violations:   Title 18, United States Code, Section 1343
Title 18, United States Code, Section 1017

A true bill,

_____
Foreperson

Filed in open court this 18th day

of April, 2019.

_____
Clerk

Bail $_____

GPO 863 525